UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT L. TONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-CV-3-DDN |
| | ) |
| DANA D. THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Robert L. Toney (registration no. 23864) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint on January 19, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $112.42, and an average monthly account balance of $66.92. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.48, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

## The complaint

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Dana D. Thompson, Missouri Board of Probation and Parole, Denis Agniel, Cranston Mitchell, Sharon Fairchild, and Missouri Department of Corrections. Plaintiff alleges that defendants "used unconstitutional procedures to terminate his participation in [a] residential treatment facility's pre-release program, and [to rescind] his parole release date [of March 18, 1996] . . . [and] arbitrarily applied current discretionary parole statute and guidelines to his parole release case retroactively."

At the outset, the Court notes that habeas corpus is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Liberally construing the instant action as arising under § 2254, given that plaintiff's claims constitute a challenge to the validity of his continued confinement, the Court finds no indication that plaintiff has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. See Wayne v. Missouri Board of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).

Moreover, to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence

3

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Because plaintiff's § 1983 claims challenge the fact or duration of his continued confinement, they are foreclosed until he has demonstrated such invalidity through an appropriate avenue. See id.; Shafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (Heck precluded action that would have implied invalidity of denial of parole and thus was challenge to duration of confinement).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $22.48 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of March, 2006.

**SENIOR UNITED STATES DISTRICT JUDGE**